GFF/AMB          6054-14007          *#4043806*          Firm I.D. No. 06347

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ACUITY, a Mutual Insurance Company | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| LIVE NATION ENTERTAINMENT, INC. | ) |
| | ) |
| | ) |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ACUITY, a Mutual Insurance Company, by and through its attorneys, Glenn F. Fencl and Amanda M. Buishas of Johnson & Bell, Ltd., and for its Complaint for Declaratory Judgment against the Defendant, Live Nation Entertainment, Inc., alleges the following:

### THE PARTIES

1.      At all relevant times hereto, the Plaintiff, Acuity, a Mutual Insurance Company ("Acuity"), was a Wisconsin domiciled mutual insurance company, with its principal place of business in Sheboygan, Wisconsin, and was authorized to do business in the State of Illinois.

2.      At all relevant times hereto, Defendant Live Nation Entertainment, Inc. ("Live Nation") was a corporation organized under the laws of the State of Delaware.

### JURISDICTION AND VENUE

3.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy, without interest and costs, exceeds $75,000.

4. Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Live Nation because it transacts business in the State of Illinois.

5. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391, as Live Nation would be subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

6. This declaratory action is brought pursuant to 28 U.S.C. § 2201, and involves the respective rights and duties between the parties with regard to a policy of insurance that Acuity issued to its named insured, Kessor Enterprises Ltd. dba Superior Labor Solutions.

7. In this action, Acuity seeks a declaration that it owes no duty to defend or indemnify Live Nation in relation to a lawsuit that Michael Christie filed against Live Nation and others in the Supreme Court of Suffolk County, New York.

## UNDERLYING LAWSUIT

8. On or about December 31, 2013, Michael Christie filed a lawsuit entitled *Michael Christie v. Live Nation Concerts, Inc. and BMS-CAT, Inc.* in the Suffolk County, New York Supreme Court under index number 000790/2014 ("*Christie* lawsuit or underlying lawsuit"). A true and accurate copy of the *Christie* lawsuit is attached hereto as **Exhibit A**.

9. Michael Christie alleges that, on December 4, 2012, he was injured while working as a construction worker at a theater construction site operated by Live Nation. (*Christie* Compl., ¶ 26.)

10. He further alleges that that Live Nation contracted with BMS-CAT to provide general contractor services at the premises (*Christie* Compl., ¶ 6.)

11. In turn, Michael Christie alleges that, on or before December 4, 2012, BMS-CAT contracted with his employer, Superior Labor Solutions, to provide construction services at the premises. (*Christie* Compl., ¶ 18.)

12. The *Christie* lawsuit contains two causes of action against Live Nation: negligence and violation of New York's labor law statute. (Exhibit A.)

13. Count I contains allegations that Live Nation created a dangerous condition at the premises that caused Michael Christie's injuries. (*Christie* Compl., ¶ 27.)

14. Count II contains allegations that Live Nation violated New York State Labor Laws regarding overhead hazards and operation of hoisting equipment.

## LIVE NATION/BMS-CAT CONTRACT

15. On December 6, 2012, Live Nation and BMS-CAT entered into an agreement ("Purchase Order") wherein Live Nation sought the contracting services of BMS-Cat relative to construction work at Jones Beach Theater in New York. A true and accurate copy of the Live Nation/BMS-CAT Purchase Order is attached hereto as **Exhibit B**.

16. The Purchase Order provides, in pertinent part, the following:

J. Insurance and Liability

\* \* \*

Seller will indemnify and hold Buyer and Live Nation harmless from and against all claims, demands, liability, statutory or otherwise, of whatsoever kind or nature for any injury, loss, or damages arising out of the performance of the work…by Seller and/or by any of Seller's subcontractors solely to the extent of Seller's negligence, omissions, or wrongful conduct. Seller will defense at Seller's own expense any actions based thereon and will pay all attorney's fees, court costs and other expenses arising therefrom….Seller will carry and upon request by Buyer evidence of insurance coverage…showing the Buyer and Live Nation as additional named insured, as its interests may appear….

## BMS-C<small>AT</small>/S<small>UPERIOR</small> L<small>ABOR</small> S<small>OLUTIONS</small> C<small>ONTRACT</small>

17. On January 19, 2012, Superior Labor Solutions entered into a Master Vendor Contract ("Contract") to provide vendor labor services to BMS-CAT. A true and accurate copy of the Live Nation/BMS-CAT Master Vendor Contract is attached hereto as **Exhibit C**.

18. The Contract provides, in pertinent part, the following:

### The Project

1.1 The terms of the Master Vendor Contract ("Contract") shall apply only to each project for which BMS-CAT contracts with Vendor to provide its Services for a particular BMS-CAT project (the "Project").

\*   \*   \*

### Insurance

3.1 Vendor shall purchase and maintain insurance to fully protect and insure BMS-CAT and Vendor from claims of any nature concerning Vendor's actions and inaction pursuant to Vendor's performance of the Work, including, but not limited to…claims for damages because of bodily injury….

> b. Comprehensive General Liability Insurance in the minimum of $1,000,000 any one occurrence and $2,000,000 aggregate for Bodily Injury and Property Damages – Combined Single Limit, including Products/Completed Operations and Contractual Liability Insurance.

\*   \*   \*

3.5 Vendor shall have its insurer(s) name BMS-CAT as an additional insured on all policies and shall obtain a waiver of subrogation in favor of BMS-CAT on all of Vendor's policies.

\*   \*   \*

### Indemnification

4.1 To the fullest extent permitted by law, Vendor shall indemnify and hold harmless BMS-CAT, the customer with whom BMS-CAT contracts for the Project, and/or the owner(s) of the property at which the Project is located, and their respective agents and employees, from and against all claims, actions, liabilities, losses, costs, damages, and expenses (including attorneys' fees and costs) sustained or incurred by reason of any act, omission, negligence, or fault by

Vendor, or its agents and employees, or otherwise arising out of or in any manner related to the Services, the Work, or the performance by Vendor under the Contract.

### TENDERS OF DEFENSE

19. Acuity issued Commercial General Liability Policy Number K58531 to Kessor Enterprises Ltd. dba Superior Labor Solutions for the policy period of May 1, 2012 to May 1, 2013. The Commercial General Liability coverage part has a $2,000,000 limit for each occurrence and a $6,000,000 General Aggregate Limit ("Acuity Policy"). A true and accurate copy of the policy is attached hereto as **Exhibit D**.

20. On January 21, 2014, BMS-CAT and its insurer, The Insurance Company of the State of Pennsylvania (AIG), tendered BMS-CAT's defense of the *Christie* lawsuit to Acuity pursuant to the BMS-CAT/Superior Labor Solutions Contract.

21. Acuity accepted the tender and is defending BMS-CAT in the *Christie* lawsuit.

22. Thereafter, Live Nation tendered its defense of the *Christie* lawsuit to Acuity.

### ACUITY POLICY

23. The Acuity Policy provides, in relevant part, as follows:

### SECTION I – COVERAGES

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. We may at our discretion investigate any *occurrence* and settle any claim or *suit* that may result.

    **b.** This insurance applies to *bodily injury* and *property damage* only if:

(1) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory*;

(2) The *bodily injury* or *property damage* occurs during the policy period; and

\*   \*   \*

**2. Exclusions**

This insurance does not apply to:
…

e.  Employer's Liability

*Bodily Injury* to:

(1) An *employee* of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that *employee* as a consequence of paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability assumed by the insured under an *insured contract*.

\*   \*   \*

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

2.  If we defend an insured against a *suit* and an indemnitee of the insured is also named as a party to the *suit*, we will defend that indemnitee if all of the following conditions are met:

    a.  The *suit* against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an insured contract;

    b.  This insurance applies to such liability assumed by the insured;

    c.    The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same *insured contract*;

    d.    The allegations in the suit and the information we know about the occurrence are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

    e.    The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such *suit* and agree that we can assign the same counsel to defend the insured and the indemnitee….

*   *   *

**ILLINOIS CHANGES - CG-7141(1-96)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

1.    Section I – Coverages

Paragraph b Contractual Liability, of Item 2 Exclusions, is replaced by the following:

*Bodily injury or property damage* for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    Assumed in a contract or agreement that is an *insured contract*, provided the *bodily injury or property damage* occurs subsequent to the execution of the contract or agreement; or

(2)    That the insured would have in the absence of the contract or agreement.

*   *   *

<b>SECTION V – DEFINITIONS</b>

9.    "*Insured contract*" means:
…

    f.    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

*　　*　　*

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU - PRIMARY AND NONCONTRIBUTORY**

**CG-7194(5-05)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**1.**    Section II - Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as additional insured on your policy.

Such person or organization is an additional insured only with respect to liability for *bodily injury, property damage* or *personal and advertising injury* caused, in whole or in part, by:

    **a.**    Your acts or omissions; or

    **b.**    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

*　　*　　*

**CAUSES OF ACTION FOR DECLARATORY JUDGMENT**

### COUNT I
**(No duty to defend or indemnify Live Nation against the *Christie* Lawsuit because it is not an additional insured under the Acuity Policy)**

24. Acuity adopts and repeats the allegations of Paragraphs 1 through 23 as and for Paragraph 24 hereof and as though the same were fully set forth herein.

25. Endorsement CG-7194(5-05) of The Acuity Policy provides, in part, that Who Is An Insured includes as an additional insured any "organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as additional insured on your policy." (Exhibit D.)

26. There is no written contract or agreement between Superior Labor Solutions and Live Nation.

27. Superior Labor Solutions has not agreed in writing in a contract or agreement that Live Nation be added as an additional insured on the Acuity Policy.

28. By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court pursuant to Section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS ¶ 5/2-701).

29. WHEREFORE, the Plaintiff, a Mutual Insurance Company, requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

> a. That Acuity, a Mutual Insurance Company is not obligated to defend Live Nation under its policy of insurance, Policy No. K58531, for the lawsuit filed against Live Nation Entertainment, Inc. in the Supreme Court of Suffolk County, under index number 000790/2014 because Live Nation Entertainment, Inc. is not an additional insured under the Acuity Policy.

  b.  That Acuity, a Mutual Insurance Company is not obligated to indemnify Live Nation Entertainment, Inc. for any settlement or judgment rendered against it in the *Christie* lawsuit.

  c.  That this Court grants Acuity, a Mutual Insurance Company such other and further relief as it deems just and fit under the circumstances.

  d.  That Acuity, a Mutual Insurance Company is awarded and recovers its just and reasonable costs incurred herein and have execution issued therefore.

### COUNT II
### (No duty to defend Live Nation against the *Christie* Lawsuit under the Supplementary Payments Provision, Section 2, because the BMS-CAT/Superior Labor Contract is not an *insured contract*)

30. Acuity adopts and repeats the allegations of Paragraphs 1 through 29 as and for Paragraph 30 hereof and as though the same were fully set forth herein.

31. Section 2 of the Supplementary Payments provision provides, in part, that Acuity will defend an indemnitee of the insured "if we defend an insured against a *suit* and an indemnitee of the insured is also named as a party to the *suit*…." (Exhibit D.)

32. Acuity is not defending Superior Labor Solutions in the *Christie* lawsuit.

33. Further, Section 2 of the Supplementary Payments provision only applies if "The *suit* against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an *insured contract*." (Exhibit D.)

34. Definition 9.f. defines "insured contract" as, in part, "that part of any other contract or agreement pertaining to your business…under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization. Tort liability means liability that would be imposed by law in the absence of any contract or agreement." (Exhibit D.)

35. In the BMS-CAT/Superior Labor Contract, Superior Labor agreed to indemnify the owner of the property (Live Nation) only for damages "sustained or incurred by reason of any act, omission, negligence, or fault by Vendor, or its agents and employees…."

36. Superior Labor Solutions only agreed to indemnify Live Nation for Superior Labor Solution's own tort liability.

37. Superior Labor Solutions did not assume the tort liability of Live Nation to pay for Michael Christie's bodily injury damages.

38. The Live Nation/BMS-CAT Purchase Order is not an insured contract.

39. Also, Section 2 of the Supplementary Payments provision only applies if "This insurance applies to such liability assumed by the insured."

40. Exclusion 2.e. excludes from coverage bodily injury to an employee of the insured.

41. The Christie Lawsuit alleges that Michael Christie was an employee of Superior Labor Solutions. (Exhibit A.)

42. This insurance does not apply to liability for Michael Christie's bodily injury damages that Superior Labor Solutions assumed under contract.

43. By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court pursuant to Section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS ¶ 5/2-701).

44. WHEREFORE, the Plaintiff, a Mutual Insurance Company, requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

    a. That Acuity, a Mutual Insurance Company is not obligated to defend Live Nation under its policy of insurance, Policy No. K58531, for the lawsuit filed against Live Nation Entertainment, Inc. in the Supreme Court of

          Suffolk County, under index number 000790/2014 because Live Nation Entertainment, Inc.

    b.    That Acuity, a Mutual Insurance Company is not obligated to indemnify Live Nation Entertainment, Inc. for any settlement or judgment rendered against it in the *Christie* lawsuit.

    c.    That this Court grants Acuity, a Mutual Insurance Company such other and further relief as it deems just and fit under the circumstances.

    d.    That Acuity, a Mutual Insurance Company is awarded and recovers its just and reasonable costs incurred herein and have execution issued therefore.

## COUNT III
### (No duty to defend Live Nation against the *Christie* Lawsuit under the Supplementary Payments Provision, Section 2, because the Live Nation/BMS-CAT Purchase Order is not an *insured contract*)

45.    Acuity adopts and repeats the allegations of Paragraphs 1 through 44 as and for Paragraph 45 hereof and as though the same were fully set forth herein.

46.    Section 2 of the Supplementary Payments provision only applies if "The *suit* against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an insured contract." (Exhibit D.)

47.    Definition 9.f. defines "insured contract" as, in part, "that part of any other contract or agreement pertaining to your business…under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization. Tort liability means liability that would be imposed by law in the absence of any contract or agreement." (Exhibit D.)

48.    In the Live Nation/BMS-CAT Purchase Order, BMS-CAT agreed to indemnify the Buyer and Owner (Live Nation) only for damages "arising out of the performance of the work…by Seller and/or by any of Seller's subcontractors solely to the extent of Seller's negligence, omissions, or wrongful conduct." (Exhibit B.)

49. BMS-CAT only agreed to indemnify Live Nation for BMS-CAT's own tort liability.

50. BMS-CAT did not assume the tort liability of Live Nation to pay for Michael Christie's bodily injury damages.

51. The Live Nation/BMS-CAT Purchase Order is not an insured contract.

52. Further, Section 2 of the Supplementary Payments provision only applies if "This insurance applies to such liability assumed by the insured."

53. Endorsement CG-7141(1-96) excludes from coverage "*Bodily injury or property damage* for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages: Assumed in a contract or agreement that is an *insured contract*, provided the *bodily injury or property damage* occurs subsequent to the execution of the contract or agreement."

54. If BMS-CAT assumed liability in the Live Nation/BMS-CAT, any damages arising therefrom are excluded under Endorsement CG-7141(1-96).

55. As alleged above in paragraphs 49-52, The Live Nation/BMS-CAT Purchase Order is not an insured contract.

56. Further, Michael Christie's bodily injury did not occur subsequent to the execution of the Live Nation/BMS-CAT Purchase Order.

57. The Live Nation/BMS-Cat Purchase Order was executed on December 6, 2012.

58. Michael Christie alleges that he was injured on December 4, 2012.

59. By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court pursuant to Section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS ¶ 5/2-701).

60. WHEREFORE, the Plaintiff, a Mutual Insurance Company, requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

   a. That Acuity, a Mutual Insurance Company is not obligated to defend Live Nation under its policy of insurance, Policy No. K58531, for the lawsuit filed against Live Nation Entertainment, Inc. in the Supreme Court of Suffolk County, under index number 000790/2014 because Live Nation Entertainment, Inc.

   b. That Acuity, a Mutual Insurance Company is not obligated to indemnify Live Nation Entertainment, Inc. for any settlement or judgment rendered against it in the *Christie* lawsuit.

   c. That this Court grants Acuity, a Mutual Insurance Company such other and further relief as it deems just and fit under the circumstances.

   d. That Acuity, a Mutual Insurance Company is awarded and recovers its just and reasonable costs incurred herein and have execution issued therefore.

Respectfully submitted,

ACUITY, a Mutual Insurance Company

By:   /s/ Amanda M. Buishas
        One its Attorneys

Glenn F. Fencl
Amanda M. Buishas
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
312-372-0770
*Attorneys for Plaintiff,*
*Acuity, a Mutual Insurance Company*